Michael A. Urban, OSB No. 165563
Nathan R. Ring, OSB No. 172663
THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
(702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com
nring@theurbanlawfirm.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE OREGON AND SOUTHWEST WASHINGTON PAINTERS PENSION TRUST FUND, TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST, TRUSTEES OF THE OREGON AND SOUTHWEST WASHINGTON DRYWALL APPRENTICESHIP AND TRAINING TRUST FUND; TRUSTEES OF THE WALL AND CEILING INDUSTRY PROMOTION FUND OF OREGON AND SOUTHWEST WASHINGTON, GYPSUM DRYWALL LABOR MANAGEMENT COOPERATION INITIATIVE; and INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, DISTRICT COUNCIL NO. 5,<br><br>    Plaintiffs,<br><br>    v.<br><br>D&B INTERIORS, LLC, an Oregon Limited Liability Company aka DBI CONSTRUCTION; and DAREN PHILLIP WIESE, an individual,<br><br>    Defendants. | CASE NO:<br><br><br>**COMPLAINT**<br>**[BREACH OF COLLECTIVE**<br>**BARGAINING AGREEMENT AND**<br>**ERISA]** |

Plaintiffs allege as follows:

## I.

## THE PARTIES

1.     Plaintiffs are the Trustees of the Oregon and Southwest Washington Painters Pension Trust Fund (Pension Fund), Trustees of the Employee Painters' Trust (Health Fund), Trustees of the Oregon and Southwest Washington Drywall Apprenticeship and Training Trust Fund (Training Fund), Trustees of the Wall and Ceiling Industry Promotion Fund of Oregon and Southwest Washington (Promotion Fund) (collectively, "Trust Funds"), Gypsum Drywall Labor Management Cooperation Initiative ("LMCI"), and International Union of Painters and Allied Trades, District Council No. 5 ("Union").

2.     The Health Fund and Training Fund are "employee welfare benefit plans" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA. Numerous employers pay fringe benefit contributions to the Health Fund, Training Fund and Pension Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA. The Trustees of the Health Fund, the Trustees of the Training Fund and the Trustees of the Pension Fund have discretionary authority to manage and control these funds, and they are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

3. The Promotion Fund is a trust fund created pursuant to a written trust agreement. The Promotion Fund is governed by a Board of Trustees.

4. The LMCI is also a trust fund created pursuant to a written trust agreement and is governed by a Board of Trustees.

5. The Union is a labor organization with its principal office and place of business in King County, Washington, but it maintains district offices in Portland, Oregon, which is within this judicial district.

5. Defendant D&B INTERIORS, LLC aka DBI CONSTRUCTION ("Defendant DBI") is an Oregon limited liability company. At all times material to this proceeding (September 1, 2019, to date), Defendant DBI has been an "employer" as that term is defined under 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

6. At all times material to this proceeding (September 1, 2019, to date), Defendant Daren Phillip Wiese ("Defendant Wiese") has been the managing member and responsible owner of Defendant DBI and is a resident of Oregon.

## II

## JURISDICTION

7. The Court has jurisdiction over the First Claim for Relief brought by the Trust Funds against Defendant DBI for violation of collective bargaining and trust agreements pursuant to the provisions of 29 U.S.C. § 1132(e)(1) and 1145 of ERISA.

8. The Court has jurisdiction over the Second Claim for Relief brought by the Trust Funds under ERISA provisions, 29 U.S.C. §§ 1132(a)(3) and 1145.

9. At all times material to this proceeding (September 1, 2019, to date), a written collective bargaining agreement existed between the Union and Defendant DBI. The collective bargaining agreement covers employees in an industry affecting commerce, and the activities of Defendant DBI affect commerce. The Court has jurisdiction over the First, Second, and Third, Claims for Relief brought by Plaintiffs against Defendant DBI and Defendant Wiese pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

## III

## JOINDER

10. The obligations of Defendant DBI and Defendant Wiese to Plaintiffs arise out of a collective bargaining agreement. Common questions of law and fact govern the claims that each Plaintiff has against Defendant DBI and Defendant Wiese.

## IV

## COMMON FACTUAL ALLEGATIONS

11. At all times material to this proceeding (September 1, 2019, to date), Defendant DBI has been bound by a written collective bargaining agreement with the Union. Under the terms of the collective bargaining agreement, Defendant DBI agreed to be bound by the terms and conditions of the Trust Agreements that created the Plaintiff Trust Funds. Defendant DBI further agreed to pay fringe benefit contributions on behalf of its employees performing work

covered by the collective bargaining agreement to the Trust Funds, and to remit union dues to the Union.  Defendant DBI further agreed to file monthly remittance report forms and to pay fringe benefit contributions to the Trust Funds and union dues to the Union by the 20th day of the month following the month in which the work was performed.

12.     The Trust Agreements that created the Health Fund and Pension Fund provide that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for interest on the delinquent or late paid fringe benefit contributions from the date each contribution became due until paid at the rate of twelve percent (12%) per annum. The Trust Agreement that created the Training Fund provides that, in the event an employer fails to make a timely payment of  fringe benefit contributions, the employer is liable for interest on the delinquent or late paid fringe benefit contributions from the date each contribution became due until paid at the rate of 10% percent per annum. The Promotion Fund, LMCI, and Union are entitled to recover interest on the delinquent and late paid contributions and union dues from the date each payment became due until paid at the rate of nine percent (9%) per annum pursuant to the provisions of ORS 82.010.

13.     The Trust Agreements that created the Pension Fund and Training Fund provide that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for liquidated damages in an amount equal to ten (10) percent of the delinquent or late paid fringe benefit contributions or $30.00 per Trust Fund per month, whichever is greater. The Trust Agreement that created the Health Fund provides that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for liquidated

damages at the rate of one percent of the unpaid contributions per month from the due date until paid up to 20% if delinquent for 20 months, or $100.00, whichever is greater. The Trust Agreement that created the Promotion Fund provides that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for liquidated damages in an amount equal to ten (10) percent of the delinquent or late paid contributions or $20.00 per month, whichever is greater.

V

### FIRST CLAIM FOR RELIEF

### (Breach of CBA and Trust Agreements – Against DBI)

14. The Plaintiffs restate and reallege the above allegations as if set forth verbatim herein.

15. The Trustees of the Pension Fund, Training Fund and Health Fund are entitled to recover their reasonable attorneys' fee from Defendant DBI pursuant to the provisions of 29 U.S.C. §1132(g)(2) of ERISA. The statute also entitles them to recover interest and liquidated damages.

16. DBI was required to submit its reports to the Trust Funds by the 20th of each month. DBI submitted its September through December fringe benefit contribution reports without payment:

/ / /

/ / /

/ / /

**September 2019 report:**

| Fund name | Contribution |
|---|---|
| Pension Fund | $ 639.60 |
| Training Fund | $ 60.96 |
| LMCI | $ 7.80 |
| Promotion Fund | $ 23.40 |
| Vacation Fund | $ 156.00 |
| | $ 886.86 |

**October 2019 report:**

| Fund name | Contribution |
|---|---|
| Pension Fund | $ 2,939.70 |
| Training Fund | $ 276.05 |
| LMCI | $ 35.85 |
| Promotion Fund | $ 101.55 |
| Vacation Fund | $ 717.00 |
| | $ 4,076.15 |

**November 2019 reports:**

| Fund name | Contribution |
|---|---|
| Pension fund | $ 672.40 |
| Training Fund | $ 63.14 |
| LMCI | $ 8.20 |
| Promotion Fund | $ 24.60 |
| Vacation Fund | $ 164.00 |
| EPT | $ 634.68 |
| Dues | $ 118.30 |
| Market Recovery | $ 58.22 |
| | $1,743.54 |

/ / /

**December 2019 reports:**

| Fund name | Contribution |
|---|---|
| Pension fund | $ 1213.60 |
| Training Fund | $ 113.96 |
| LMCI | $ 14.80 |
| Promotion Fund | $ 44.40 |
| Vacation Fund | $ 296.00 |
| EPT | $ 356.04 |
| Dues | $ 226.05 |
| Market Recovery | $   105.08 |
|  | $2,369.93 |

**TOTAL UNPAID CONTRIBUTIONS**   $9,076.48

VI

**SECOND CLAIM FOR RELIEF**

**(Breach of 29 U.S.C § 1145)**

17. The Plaintiffs herein restate and reallege the above allegations as if fully set forth verbatim.

18. By failing to report and pay contributions to the Plaintiffs in accordance with the CBA and Trust Agreements, Defendant DBI has violated ERISA [29 U.S.C. § 1145]. In accordance with the terms of the Labor Agreement and Trust Agreements, and pursuant to Sections 502(g)(2) and 515 of ERISA [29 U.S.C. §§1132(g)(2) and 1145], the Plaintiffs are entitled to payment of all contributions determined to be due, as well as liquidated damages, interest, attorneys' fees, costs incurred in enforcing the terms of the CBA and Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

19. The contract breaches and violations of ERISA identified above harm the Plaintiffs and place at risk the Plaintiffs' ability to provide required employee benefits to their participants and beneficiaries.

20. The Plaintiffs are entitled to all remedies provided by ERISA as and for compensation for the Defendant DBI's violation.

## VII.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract Against Defendant Wiese)

21. The Plaintiffs restate and reallege the above allegations as if set forth verbatim herein.

22. The Trust Agreement that created the Health Fund provides that in the event an employer, such as Defendant DBI, fails to pay all required contributions to the Health Fund, the president, the treasurer, and any other corporate officer who is responsible for the payment of health contributions to the Health Fund shall be individually liable for the payment of the health contributions, liquidated damages, interest, attorneys' fees and court costs.

23. Based on the terms of the Trust Agreement that created the Health Fund, Defendant Wiese, as the president and secretary of Defendant DBI, is personally liable for $990.72 in health contributions owed to the Health Fund for the period at issue in this matter, plus liquidated damages and interest on the unpaid health contributions, with interest continuing to accrue on the amount of $990.72 at the rate of 12% per annum from the due date through entry of judgment, together with the Health Fund's attorney fees and court costs incurred herein.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

1.      On the **First Claim for Relief**, requiring Defendant DBI to pay the Trust Funds contributions, liquidated damages, interest and attorneys' fees and costs.

2.      On the **Second Claim for Relief**, requiring Defendant DBI to pay damages under 29 USC 1132(g)(2) and 29 U.S.C. § 1145.

3.      Defendant DBI is also liable to the Trust Funds under the CBA, Trust Agreements, and 29 U.S.C. 1132(g)(2) for the Plaintiffs' attorney's fees and costs incurred.

4.      On the **Third Claim for Relief,** the Health Fund is entitled to recover contributions, liquidated damages, interest, and attorney's fees and costs from Defendant Wiese in the same amount the Health Fund may recover from DBI.

5.      Upon entry of judgment, the Plaintiffs are entitled to post-judgment interest at the highest rate allowed by law. The amount of such interest will be established by proof at trial or through dispositive motion.

DATED this 1st day of April, 2020.

          **The Urban Law Firm**

          */s/ Nathan R. Ring*
          Michael A. Urban, OSB No. 165563
          Nathan R. Ring, OSB No. 172663